## EDWARD EWALD v. HENRY A. LYONS.

ENFORCEMENT OF PAROL CONTRACT IN EQUITY.—If the lessee and lessor enter into a parol agreement with regard to a new lease of the premises the lessee is occupying, and the amount of rent to be paid by the lessee, and improvements made by him and to be made on the premises, and afterwards the lessee executes a lease in writing relating to the same subject matter, containing terms varying from the parol agreement, a Court of equity will not rescind the written lease and enforce the parol contract, nor, unless upon some equitable ground, as mistake, or fraud, will it reform the written lease to make it correspond with the parol contract.

SAME.—A Court of equity will not enforce a parol contract, if, after the same is made, the parties voluntarily enter into a written contract differing in terms from the parol agreement, nor will it substitute the parol contract for the written one.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff averred in his complaint that in November, 1857, the defendant leased to one Cicero, for two years, from January 1st, 1858, a lot in San Francisco, with the buildings thereon, known as the Montgomery Baths; that November 1st, 1858, plaintiff purchased the lease from Cicero, and that at the time of the purchase defendant was in the Atlantic States, and he called on defendant's agent and informed him he was going to purchase, but that the premises were in bad repair and he desired to refit them, and wished to know if he did so whether he could have a renewal of the lease for a long term upon the conditions of the existing lease, and was informed by the agent that if he expended money and made the repairs, the lease would be renewed as he desired. That thereupon he purchased the lease, and expended several thousand dollars in making the repairs, and continued to occupy the premises and pay the rent under the old lease until 1861, when the defendant returned to San Francisco. That after defendant returned new repairs were required, and defendant told him he should have the new lease for a long term on the same terms as the old one, and to make the repairs. That in September, 1861, defendant was about to leave for the Atlantic States, and plaintiff and one Ciprico, who was plaintiff's partner, demanded the lease of defendant, but he refused to let

them have one unless they paid four hundred dollars per month and took it for five years; and told them to leave the premises or sign such a lease; and that fearing they could not get a lease unless they signed such an one, they executed it. That plaintiff had since paid the rent at four hundred dollars per month; and defendant, in 1864, returned to San Francisco, and refused to execute a new lease according to the parol contract, or to make any allowance for improvements or repairs, or for the rent paid in excess of the terms of the parol agreement.

*Brooks & Whitney*, for Appellant.

The first ground of demurrer is, that the repairs and improvements first mentioned were not made at the request of defendant, and that he did not promise to pay for them. The suit is not brought to recover the cost of these repairs, but to enforce a parol contract performed on the part of plaintiff. The plaintiff, therefore, does not seek to recover in this action the money so expended by him, but asks a specific performance of the contract on the part of the defendant. (Williams' Equity, 300, 301; *Gillespie* v. *Moon*, 2 Johns. Ch. 591; *Kusselbrach* v. *Livingston*, 4 Johns. Ch. 148.)

The second ground of demurrer is, that the other repairs and improvements were made after the execution of the written lease, by the terms of which no part of the repairs are chargeable on the defendant; nor is there any other agreement set forth by which he is chargeable. In a bill to reform this very lease, it would not be a ground of demurrer that this agreement spoken of is not contained in the lease. Taking the allegations of the bill as true, that would be a good ground for reforming the lease. The fifth ground of demurrer is, that it is not alleged that there was any mistake or fraud in the execution of the lease—no misapprehension of its terms.

It is not necessary that all these grounds should co-exist. It is sufficient that either one exists. The demurrer in effect admits this, and we may admit on our part that there was no mistake or misapprehension. (Adams' Equity, 264; 2 Johns.

Ch. 596 ; *Brummagim* v. *Tillinghast,* 18 Cal. 267 ; *McMillan* v. *Richards,* 9 Cal. 417.)

*Cope, Daingerfield & Hamilton,* for 'Respondent.

We contend that the parol agreement was merged in the written lease, for it is shown that the subject matter was fully considered *before* and *at the time* of the execution of the lease, and all the authorities are to the effect that prior and contemporaneous parol contracts or agreements are merged in the written agreement. It could not have been a new agreement, for no consideration is shown to have passed to the defendant to sustain it. (2 Phillips' Ev., 6 Am. Ed., 665, 666, and cases cited ; *Bingham* v. *Rogers,* 17 Mass. 571.)

Plaintiff having entered into the written contract of lease with defendant, and paid money on it after the knowledge of the fraud even, if fraud existed, is estopped from denying it ; and money paid for fear of pecuniary loss is voluntarily paid. Parsons on Contracts shows that *personal fear* must instigate or prompt the action. (See Vol 1, p. 319 ; 2 Abbott Rep. 339 ; 2 Kernan, 308 ; 5 Standford, 558 ; *Brummagim* v. *Tillinghast,* 18 Cal. 276 ; *McMillan* v. *Richards,* 9 Cal. 365.)

Although the law always favors infants, payments of rent by them even, after they become capable of contracting, will ratify a contract where there was no duress or actual fraud. (Story on Contracts, Secs. 68–72.) In this case rent has been paid under the contract between four and five years, and for more than a year after the return of defendant to this State.

By the Court, RHODES, J.

This suit was brought for the purpose of specifically enforcing a parol contract in relation to the leasing of certain premises, and of reforming a lease of the premises that was executed between the defendant on the one part, and the plaintiff and one Ciprico on the other part, and as incidental to such relief to have an account taken between the plaintiff and defendant in respect to certain repairs on the leased premises made by

the defendant, and certain sums alleged to have been paid as rent in excess of the rate provided for in the parol contract. The defendant filed a general demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and specified several distinct causes, and the demurrer having been sustained, the plaintiff appealed.

The demurrer is well taken as to the first three causes specified, if the claim on the account of the repairs made before the execution of the lease to the plaintiff and Ciprico, and those made after the execution of that lease, and the claim for the excess of rent paid, are separate causes of action; for as to the first repairs it is not alleged that the defendant either expressly or impliedly promised to· pay for the expenses of such repairs; and as to the second repairs the lease provides that the lessees shall make the repairs at their own expense; and the sum of fifty dollars per month, which is alleged was in excess of the proper rent, formed a part of the four hundred dollars per month covenanted in the lease to be paid by them.

But the plaintiff, as we understand counsel, not controverting this view, holds that they are not separate causes of action, but are merely allegations of matters of fact, showing a performance on his part of the parol agreement entered into between the parties, and which he asks may be ordered to be specifically performed by the defendant, by the execution of a new lease, and by a reformation of the present one. His right to such relief may be tested by the general demurrer.

### Specific performance of parol contract.

In respect to the claim for a specific performance, the case, briefly stated, is this: The plaintiff being about to purchase an existing lease, states to the agent of the defendant—the landlord—that he proposes to make certain repairs on the premises, "and he is assured by said agent" that if he shall purchase the lease and make the proposed repairs, the defendant will renew the lease, or execute a new lease upon similar

terms and conditions, and for a long term. The proposed repairs are made; the defendant knows the purpose and expectation with which they have been and are being made, and tells the plaintiff "to go on, that it is all right and that plaintiff should have the long lease." Subsequently, the plaintiff and defendant and Ciprico meet and execute the lease set out in the complaint, for the term of five years, at an increased rent, containing a covenant of the lessees to repair at their own expense. The lessees execute the lease, because they think the terms are the best they could, under the circumstances, procure from the defendant, and they have paid the rent at the increased rate, up to the commencement of this action.

If the plaintiff was ever entitled to a decree for the specific performance of the parol contract, on the ground of the "part performance" asserted by him, the right to that relief was as fully matured and capable of being enforced immediately before the execution of the lease to him and Ciprico as at any previous time. But if parties, knowing, as they are presumed to know, the terms of their parol agreement, and what has been done under it, deliberately enter into a contract in writing, relating to the same subject matter, containing terms varying from those mentioned in the parol agreement, the Court will not rescind the written contract and set up the prior parol contract, under the pretense of specifically enforcing the performance of a contract. To do so would be to add a new class to the wards in chancery. The case is but the ordinary case of a contract in writing, in which the terms are harder than one of the parties had been led by the previous conversations or parol agreements to expect, but which he, with a full knowledge of its terms, does accept and execute. For a party to invoke the interposition of a Court of equity in such a case, is, in effect, to ask the Court to revise his own discretion.

The claim to have the lease reformed is only ancillary to that for the specific performance of the parol agreement, and it depends on the same facts and a few additional ones, that

are unnecessary to be stated; for they amount only to apprehensions on the part of the plaintiff and Ciprico of impending injury to their interests, but do not show a mistake—which is the usual grounds upon which Courts proceed in reforming contracts—nor such duress or fraud as will entitle him to any relief in equity. The situation of the plaintiff and Ciprico, of which complaint is made in argument, that the defendant took undue advantage, consisted in the fact that they were in the possession of premises after the expiration of the lease under which they entered, and that during their tenancy they had made repairs, which added to the rent paid, exceeded the value of their use-and occupation, without having procured from the landlord an agreement in writing to secure the repayment of the expenses incurred by them in making the repairs; and that while affairs were in that condition, the defendant told them that if they did not choose to accept the lease offered, they could leave the premises. After consideration they accepted and executed the lease; and there the Court must leave them, unless it can be shown that the Court has authority which has never been attributed to it, to substitute an agreement differing in its terms, for the one the parties have freely and voluntarily executed.

Judgment affirmed.